UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANTHONY CAMERON, JR.,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Defendant.

Case No. 2:17-cv-10624
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

# OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1] AND DENYING CERTIFICATE OF APPEALABILITY

Following a bench trial in Michigan state court, David Anthony Cameron, Jr., was convicted of assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and felony firearm. He received a lengthy prison sentence. Through counsel, he has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, raising eight claims for relief. The Court denies the petition and declines to issue a certificate of appealability.

## I.

Cameron waived his right to a jury trial and was tried before a Washtenaw County Circuit Court judge. This Court recites the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1), *see Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

> Defendant's convictions arise out of an assault he committed against the victim, the manager of an apartment complex. Defendant entered the management office with a handgun and assaulted the victim by forcing her up against a wall and pressing the gun into the side of her face. With the gun pressed firmly into her cheek, defendant told the victim to "quit f with his people." Defendant was upset because the victim had sent eviction notices to some of his friends. Defendant told the victim that if he came back, he would kill her and her daughter. Defendant then "bashed"

> the victim's head into the wall and left the office. The victim passed out and woke up on the floor shortly thereafter. She suffered a concussion.
>
> Although she later identified defendant as her attacker, the victim told a 9-1-1 operator and police officers that she did not know her assailant. Eventually, about two weeks after meeting with a composite sketch artist, the victim identified defendant in a police photograph lineup. At trial, the victim testified that defendant was the man who attacked her and she explained that she initially declined to identify defendant because she was afraid of him. The victim stated that she decided to identify defendant during the photographic array because she was tired of living in fear.
>
> Defendant was later arrested and police searched a home that he owned in Detroit. During the search, police officers discovered two handguns at the house that were admitted at trial. At trial, defendant denied that he owned the guns and denied involvement in the assault.

*People v. Cameron,* No. 306391, 2013 WL 951213, at *1 (Mich. Ct. App. Feb. 26, 2013).

On August 12, 2011, the court found Cameron guilty of assault with intent to commit murder, Mich. Comp. Laws § 750.83, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and felony firearm, Mich. Comp. Laws § 750.227b. (ECF No. 5-6, PageID.315–319.) The court sentenced him as a fourth habitual offender to 10.5 to 30 years for the assault conviction and for the felon in possession conviction, to be served consecutively to 2 years for the felony-firearm conviction. (ECF No. 5-7, PageID.342.)

Cameron filed a motion for a new trial or *Ginther* hearing and a motion for resentencing. The trial court denied the motion for a new trial or *Ginther* hearing but granted his motion for resentencing with respect to the felon in possession conviction. (*See* ECF No. 5-8.) The trial court resentenced Cameron to 8 to 30 years for felon in possession. (ECF No. 5-9, PageID.383.)

Cameron filed an appeal of right in the Michigan Court of Appeals raising seven claims through appellate counsel and two claims in a pro se brief. The Michigan Court of Appeals vacated Cameron's conviction and sentence for assault with intent to commit murder based upon insufficient evidence. *Cameron*, 2013 WL 951213 at *13. The court of appeals remanded the case

to the trial court with instructions to enter a conviction of assault with intent to do great bodily harm less than murder and to resentence Cameron on that offense and on the felon in possession conviction. *Id.* The court of appeals affirmed Cameron's convictions in all other respects. The Michigan Supreme Court denied leave to appeal. *People v. Cameron*, 836 N.W.2d 171 (Mich. 2013) (mem.).

On remand, Cameron was resentenced to 108 months to 30 years for assault with intent to do great bodily harm less than murder and 77 months to 30 years for felon in possession. (ECF No. 5-12, PageID.671–672.) He filed an appeal of right in the Michigan Court of Appeals challenging his resentencing on two grounds. The Michigan Court of Appeals affirmed Cameron's sentences. *People v. Cameron*, No. 320592, 2015 WL 4390767 (Mich. Ct. App. July 16, 2015), *leave denied*, 875 N.W.2d 203 (Mich. 2016) (mem.).

Cameron then filed this habeas petition through counsel, raising eight claims: (i) insufficient evidence supported Cameron's conviction for assault with intent to commit great bodily harm; (ii) Cameron's right to a fair trial was violated by an ex parte communication between the government and trial court judge; (iii) counsel was ineffective in failing to withdraw the waiver of a jury trial or to move for recusal of the trial court judge following ex parte communication; (iv) counsel was ineffective in failing to challenge the search warrant; (v) counsel was ineffective in failing to investigate the victim's background and to impeach her with the preliminary examination transcript; (vi) counsel was ineffective for failing to object to the admission of the 911 tape; (vii) the trial court improperly rescored the offense variables in sentencing on remand; and (viii) on remand, the trial court improperly scored the sentencing guidelines and imposed a sentence exceeding the guidelines.

## II.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") (and 28 U.S.C. § 2254 in particular) "confirm[s] that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). If a claim was "adjudicated on the merits in State court proceedings," this Court cannot grant habeas corpus relief on the basis of that claim "unless the adjudication of the claim . . . resulted in a decision" (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Also, a state-court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Pinholster*, 563 U.S. at 181.

**III.**

**A.**

Cameron's first claim concerns the sufficiency of the evidence. He argues that insufficient evidence supported his convictions for assault with intent to murder and assault with intent to cause great bodily harm less than murder. There is no basis for Cameron to challenge the evidentiary sufficiency for assault with intent to murder as that conviction was vacated on that very ground by the Michigan Court of Appeals. *See Cameron*, 2013 WL 951213 at *2–3.

As for Cameron's claim that insufficient evidence supports the assault with intent to do great bodily harm conviction, the Warden argues this claim is unexhausted. The doctrine of exhaustion of state remedies requires state prisoners to present all claims to the state courts before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). It is not surprising that Cameron did not challenge the sufficiency of the evidence to support his assault with intent to do great bodily harm conviction in the Michigan Court of Appeals on his first direct appeal. He had not yet been convicted of that crime. But Cameron did raise this claim in his application for leave to appeal in the Michigan Supreme Court. In the unique circumstances of this case, this may have been sufficient to exhaust his state court remedies. But the Court need not decide this issue, as the sufficiency of the evidence claim lacks merit and a court can decide an unexhausted claim where that claim is plainly meritless. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987).

Under Michigan law, "[t]he elements of assault with intent to do great bodily harm less than murder are: '(1) an attempt or threat with force or violence to do corporal harm to another (an

assault), and (2) an intent to do great bodily harm less than murder.'" *People v. Brown*, 703 N.W.2d 230, 236 (Mich. Ct. App. 2005) (footnote and emphasis omitted) (quoting *People v. Parcha*, 575 N.W.2d 316, 318 (1997). The Michigan Court of Appeals held that sufficient evidence supported a conviction for this offense:

> [T]he trial court found that defendant assaulted the victim and physically injured her by "ramming" her face into a wall, causing a concussion, cuts, and a bloody nose. The court considered the threats defendant made "in the context of all that was occurring" and it concluded that defendant had the intent to kill the victim. While the evidence did not support the trial court's finding with respect to the intent to kill, the evidence supported the trial court's necessarily-included finding that defendant intended to inflict great bodily harm less than murder. As noted, defendant held the victim up against a wall and pushed a gun into her cheek. Defendant then pulled the victim's head back, threatened her, then "bashed" her head into the wall causing the victim to lose consciousness and suffer a concussion. When the victim fell to the floor, defendant walked away, leaving the victim lying on the floor unconscious. This evidence showed beyond a reasonable doubt that defendant assaulted the victim with intent to cause serious injury of an aggravated nature.

*Cameron*, 2013 WL 951213 at *4.

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204–05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205 (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* In short, "deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; [then] deference should be given to the [state court's] consideration of

the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008) (citation omitted).

Cameron does not show that the state court's decision was unreasonable nor does he call into doubt any of the state court's factual determinations. In light of the deference owed to the state court's decision, the Court concludes that Cameron fails to clear the burdensome, "nearly insurmountable hurdle" for petitioners who seek habeas relief on sufficiency-of-the-evidence grounds. *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2008) (internal citation omitted).

**B.**

Cameron's second claim concerns a search warrant permitting a search of his home which was signed by the trial judge. Cameron waived his right to a jury trial on April 6, 2011. (ECF No. 5-3.) Approximately two months later, the trial judge signed a search warrant permitting a search of Cameron's home. The application for a search warrant was supported by a detective's ten-page affidavit describing the items sought in the search and other facts to show probable cause. *Cameron*, 2013 WL 951213 at *5. Cameron alleges that the affidavit also included background information about Cameron which was highly prejudicial. (ECF No. 6, PageID.822.) Cameron argues that the presentation of the search warrant application to the same judge who acted as a trier of fact denied him his right to a fair and impartial trial.

Defense counsel argued on the first day of trial that Cameron would not have waived a jury trial if the warrant application with all of its damaging information had been submitted to the court before the waiver. (ECF No. 5-6, PageID.138.) The trial court found nothing improper in the presentation of the search warrant. The trial judge also noted that he did not have any independent recollection of the specific details of the search warrant application or attached affidavit. (ECF No. 5-6, PageID.143.)

The Michigan Court of Appeals held that Cameron's right to a fair trial and impartial factfinder was not violated:

> Defendant was not denied a fair and impartial trial. Here, defendant effectively waived his right to a jury trial in accord with the requirements of MCR 6.402(B). Moreover, defendant was not denied the right to a fair and impartial trier of fact where, although the trial court viewed the search warrant and accompanying affidavit, defendant cannot overcome the presumption that the trial court was impartial. First, we presume that the trial court ignored the inadmissible evidence contained in the affidavit and decided the case solely on admissible evidence. *Id.* Second, before trial began, the trial court expressly stated that it had no recollection of the information contained in the affidavit. Further, in rendering its verdict, the trial court stated that it considered and reviewed "the exhibits, the arguments by counsel, [and] notes regarding testimony. . . ." Thus, the record reveals that the trial court only considered evidence that was properly admitted. Consequently, defendant fails to overcome the presumption that the trial court was impartial and he is not entitled to relief.

*Cameron*, 2013 WL 951213 at *6.

In this case, the trial judge's exposure to the information in the search warrant did not deny Cameron a fair trial. Judges in bench trials "routinely hear inadmissible evidence that they are presumed to ignore when making decisions." *Harris v. Rivera*, 454 U.S. 339, 346 (1981). *See also Rogers v. McMackin,* 884 F.2d 252, 256 n.1 (6th Cir. 1989) (noting that judges are presumed to consider only properly admitted evidence). In this case, the Court need not rest its decision on a presumption. The trial judge plainly stated he did not recall the specifics of the search warrant. Cameron offers no evidence to rebut the trial court's statement or the presumption that a bench trial judge considers only admissible evidence. Habeas relief is therefore denied on this claim.

## C.

Next, Cameron raises four ineffective assistance of counsel claims: (i) counsel failed to move to withdraw the jury waiver or to recuse the trial judge; (ii) counsel failed to challenge the search warrant; (iii) counsel failed to investigate the victim's termination from her job and failed to impeach her with prior inconsistent testimony; and (iv) counsel did not review a copy of the 911

call prior to its admission and failed to move to exclude the recording. The Michigan Court of Appeals adjudicated these claims on the merits. *See Cameron*, 2013 WL 951213 at *9–12.

An attorney renders constitutionally ineffective assistance where the attorney's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish that an attorney's deficient performance prejudiced the defense, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The standard for obtaining habeas corpus relief is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)). In the context of an ineffective assistance of counsel claim under *Strickland*, the standard is "all the more difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

i.

Cameron argues that his attorney was ineffective because, after learning that the trial judge signed the search warrant, counsel did not move to recuse the trial judge or move to withdraw the jury waiver. The Michigan Court of Appeals found that counsel challenged the trial court's impartiality on essentially the same grounds raised on appeal. *Cameron*, 2013 WL 951213 at *9.

9

The court of appeals held counsel was not ineffective for failing to formally move for the trial judge's recusal because the trial judge was impartial and a motion to recuse would have therefore been futile. *Id.* at *8. Finally, the court of appeals held that defense counsel's decision not to move to withdraw the jury waiver was a reasonable trial strategy. *Id.*

The Michigan Court of Appeals' decision was not contrary to or an unreasonable application of *Strickland*. Counsel raised the question of the trial judge's impartiality. The trial judge affirmed his impartiality and stated that he did not recall the specific details of the search warrant application. Further, the information contained in the affidavit supporting the search warrant was also placed before the trial judge at the emergency bond hearing. The decision whether to move to withdraw the jury waiver was a clear question of trial strategy. Once the trial judge responded to the question of bias, it was not unreasonable or deficient for counsel to conclude that a request for recusal or to withdraw the jury waiver was unnecessary.

**ii.**

Cameron argues defense counsel should have challenged the search warrant because it contained stale information and there was no probable cause to believe that the gun used in the assault would still be in Cameron's home. The Michigan Court of Appeals held that the facts giving rise to the warrant were not stale and there was a substantial basis for the finding of probable cause. *Cameron*, 2013 WL 951213 at *9. Because the state court held that the underlying Fourth Amendment claim lacks merit, counsel cannot be held ineffective for failing to advocate a meritless position. *See Sutton v. Bell*, 645 F.3d 752, 755 (6th Cir. 2011) (internal quotations omitted) ("Given the prejudice requirement, counsel cannot be ineffective for a failure to raise an issue that lacks merit.").

### iii.

Cameron's third ineffective assistance of counsel claim concerns defense counsel's pretrial investigation of the victim and his cross-examination of her. Cameron argues that had counsel investigated the victim prior to trial he would have realized that she had been terminated from her employment. This, he claims, would have been critical to the court's assessment of her credibility. The Michigan Court of Appeals denied this claim: "[E]ven assuming the victim was terminated from her employment before trial, and assuming counsel should have known of that fact, defendant fails to articulate how evidence of her termination would have made any difference at trial." *Cameron*, 2013 WL 951213 at *10. Cameron has not shown that an effective attorney would have or could have discovered this information prior to trial. Nor has he articulated a way in which failure to present this information prejudiced the defense other than a vague allegation that it would have impeached the victim's credibility. On this record, the state court's decision was not contrary to or an unreasonable application of *Strickland*.

Cameron's claim that counsel's cross-examination of the victim was flawed is also meritless. He argues that counsel should have impeached the victim's trial testimony describing the gun used in the assault with her preliminary examination testimony.

During the preliminary examination, the victim described the gun in this way:

> It was black. It didn't have a round like, you know, like a—a gun with a round barrel; it was more of a triangular sort of thing. And it was all black.

(ECF No. 5-2, PageID.93.) At trial, she was asked whether she had described the gun to police as "a black handgun, similar to what police carry." (ECF No. 5-6, Page.ID 208.) She responded:

> Yeah. It wasn't – it wasn't a regular gun with the – just a round barrel. It was more of a – like a rectangular with the hole in the middle of it like.

(ECF No. 5-6, Page.ID 208.)

The Michigan Court of Appeals concluded that the victim's description of the gun was the same at trial as it was at the preliminary examination. *Cameron*, 2013 WL 951213 at *10. Although the two descriptions were not identical, they were substantially similar enough that the state court's decision is not contrary to or an unreasonable application of *Strickland*. Habeas relief on this claim is not warranted.

### iv.

Finally, Cameron argues that defense counsel was ineffective because he failed to review the 911 call prior to its admission. If counsel had done so, Cameron maintains, he could have successfully moved for the exclusion of all or part of the recording because it contained inadmissible hearsay and was unfairly prejudicial. According to Cameron (the recording is not part of the record), the victim sounds upset in the first part of the call but becomes calmer during the course of the call. (ECF No. 6, PageID.843.) During the call, the dispatcher tells the victim she can put the phone down and use the bathroom. (ECF No. 6, PageID.843.) The victim can be heard vomiting. (ECF No. 6, PageID.843.) At one point the victim tells the dispatcher, "I am wobbly, but okay." (ECF No. 6, PageID.843.) Cameron maintains that, once the victim said she was okay, the remainder of the recording was inadmissible because it no longer contained excited utterances. He also argues that the sounds of the victim vomiting rendered the tape unfairly prejudicial.

The Michigan Court of Appeals assumed for the purpose of its analysis that counsel should have listened to the tape prior to trial, but nevertheless denied this claim because the tape was properly admitted and, therefore, Cameron could not show prejudice. *Cameron*, 2013 WL 951213 at *10. "[I]it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Ege v. Yukins*, 485 F.3d 364, 375 (6th Cir. 2007) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). The Court defers to the state court's interpretation of its

12

evidentiary rules. Admission of the 911 call does not implicate the Confrontation Clause. Even assuming the victim's 911 call was testimonial there was no Confrontation Clause violation because the victim testified and was subject to cross-examination. *See United States v. Mayberry,* 540 F.3d 506, 516 (6th Cir. 2008) (citing *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004)). The state court's denial of this claim was not unreasonable.

**D**.

Cameron's final two claims concern the fairness of his sentence. He challenges the trial court's scoring of offense variables and argues that the trial court did not have a substantial and compelling reason for imposing a sentence for felon-in-possession that exceeded the sentencing guidelines. The Michigan Court of Appeals rejected these claims on the merits. *Cameron*, 2015 WL 4390767 at *1–2. And neither of these claims is cognizable on habeas review.

As to Cameron's first challenge, a claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not a cognizable claim on federal habeas review because it is based solely on state law. *See Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Cameron also challenges the trial judge's departure from the sentencing guidelines. Under Michigan law, a trial court may depart from the sentencing guidelines range if the court has a "substantial and compelling reason for that departure and states on the record the reasons for departure." Mich. Comp. Laws § 769.34. In this case, the Michigan Court of Appeals held that the trial court was not required to calculate the sentencing guidelines for the felon in possession conviction because "a trial court does not need to score the variables for a lower crime class

offense, which is to be served concurrent to the higher crime class offense." *Cameron,* 2015 WL 4390767 at *2. In addition, under state law, "sentencing a defendant within the range calculated for the higher offense does not constitute a departure." *Id.*

Even assuming the trial court departed from the sentencing guidelines, Cameron fails to state a claim. The requirement that a sentencing court articulate a "substantial and compelling reason" for departure from the sentencing guidelines is found in Michigan, not federal, law. *See* Mich. Comp. Laws § 769.34(3). Whether a state court judge is required to and does articulate substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. *Kissner v. Palmer*, 826 F.3d 898, 902 (6th Cir. 2016). "[A] mere error of state law is not a denial of due process." *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (internal quotations omitted). Thus, this claim is not cognizable on federal habeas review.

## IV.

For the reasons given, the Court DENIES Cameron's petition for a writ of habeas corpus. (ECF No. 1.) The Court further finds that reasonable jurists would not debate this Court's resolution of Cameron's claims, so the Court will not issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). If Cameron nonetheless chooses to appeal, he may proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: February 3, 2020

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 3, 2020.

                                                  s/Erica Karhoff
                                                  Case Manager to
                                                  Honorable Laurie J. Michelson